**Francisco Coronel ORTEGA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71887.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

Raul Gomez, Esq., Law Office of Raul Gomez, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John S. Hogan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Francisco Coronel Ortega and his wife Maria Catalina Coronel, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals dismissing their appeal from the immigration judge's denial of their application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Petitioners contend that the IJ erred as a matter of law in concluding that they failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Petitioners testified that they were apprehended by immigration authorities and returned to Mexico in 1991. The IJ concluded that the apprehension and return constituted a break in petitioners' continuous physical presence such that they failed to meet the requisite ten-years before issuance of the Notice to Appear.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether petitioners' return to Mexico by immigration officials was the result of a "turn-around," as discussed in *Tapia,* or an administrative voluntary departure, as discussed in *Vasquez–Lopez.*

Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of petitioners' contact with immigration officials in 1991.

**PETITION FOR REVIEW GRANTED; REMANDED.**